166 P.2d 831

## MAXWELL v. FLEMING, Mayor, et al.

No. 4890.

Supreme Court of Arizona.

March 13, 1946.

Moore, Romley & Roca, of Phoenix, for petitioner.

Richard Minne, City Atty., and William C. Fields, Asst. City Atty., both of Phoenix, for respondents.

PER CURIAM.

The petitioner, a candidate for nomination to the office of Phoenix city commissioner, at a primary election held on February 26, 1946, filed his petition for writ of mandamus. He alleged that 8,781 ballots had been issued to qualified electors, of which 205 had been wholly rejected, leaving a total of 8,576 legal votes cast. Of this number 4,306 had been cast for him, and having secured a majority, he was entitled to be declared elected to the office, under the provisions of city of Phoenix charter, chapter 12, section 15, providing as follows: "At said primary election any candidate who shall receive a majority of all votes cast

at such election shall be declared elected to the office for which he is a candidate, and no further election shall be held as to said candidate." He also alleged that he had received a majority of the votes of those actually voting for the candidates for commissioners. There were five candidates for that office who received a total of 16,477 votes, of which two were to be selected, and that a majority of such votes would be 4,119. It was further alleged that respondents had failed to issue to him a certificate declaring him elected under the provisions of section 15, supra, and of the charter city of Phoenix chapter 13, section 1, which provides: "The Mayor and Commissioners shall be the canvassing board, which shall meet on the first Tuesday after the election and canvass the votes and announce and declare the results of such election;xzaa declare the results of such election; * * *."

On this showing, an alternative writ of mandamus was issued, directing the respondents to announce and declare that the petitioner was regularly elected to the office of city commissioner, or to show cause why this should not be done.

The respondents appeared, and for showing of cause demurred to the petition on two grounds: First, that section 15, chapter 13, supra, is void as being in conflict with Article 7, section 10, of the Constitution of Arizona; and second, that mandamus would not lie for the reason that it appears therefrom that a majority of all of the votes cast at the primary election was not received by the petitioner, since the rejected ballots may not properly be deducted from the total of votes cast. Respondents also filed answer denying that 205 votes were wholly rejected by the election officials, and alleged that all or many of said votes were actually counted for, one or other of the officials who were candidates at the primary.

It appearing that a question of fact was presented, the court reserved decision on the demurrer; and a stipulation was entered into by counsel for the respective parties to examine the alleged rejected ballots for the purpose particularly of determining whether all such ballots were completely rejected, or only partially rejected. Such report was duly filed, and it appears that of 221 rejected ballots, 127 thereof were or should have been counted for one or the other of the candidates appearing on the primary ballot, and that 94 thereof were void or were not cast as primary election votes, which, when deducted from the total ballots issued, leaves a total of 8,687 votes, one-half or a majority of which would be 4,343½.

It is our opinion that a ballot cast which was properly or should be properly counted for any candidate at the primary, should be included in the total of votes cast, and that upon this basis, the total vote would be 8,687. The petitioner having received only 4,306 votes, is not entitled to be declared elected on that ground.

From a perusal of chapter 12, section 15, supra, we are satisfied that the pur-

pose and intent of the section is that only those candidates who receive a majority of all of the legal votes cast at a primary election are entitled to be declared elected to the office. We do not believe, as argued by petitioner, that one should be declared elected to the office who receives only a majority of the votes cast for the particular office, but does not receive a majority of the legal votes cast in the primary election for the purpose of nominating candidates. We, therefore, hold that to entitle a candidate to be elected at the primary, he must receive a majority of all of the legal votes cast at the primary election. The purpose and intent of the section seems to be evident.

The only case called to our attention, which appears to us to be really in point, is In re Lightfoot, 22 Haw. 293. In that case the court had a similar question before it. The provision in case of primary elections was as follows: "Provided, however, that any candidate receiving the votes of a majority of the registered voters voting of the district in which he is a candidate shall be thereby duly and legally elected to the office for which he is a candidate at such primary."

The claim was made, as here, that since the applicant, although not receiving a majority of all of the votes cast in the primary, did receive a majority of all those voting for the particular office, he should be declared elected. The court said: " * * * But the language used shows that [since] the legislature intended that in order to elect a particular candidate for a certain office at such primary, and therefore dispense with the general election so far as such office is concerned, that the candidate should be the choice of a majority of all the registered voters voting at the primary." See also Akina v. Kai, 22 Haw. 520.

We do not think that section 15, supra, is subject to any constitutional inhibitions. Article 7, section 10, of the Constitution of Arizona, provides for a direct primary election law at which all elective state, county and city officers, including candidates for United States senators and for representatives in congress, shall be nominated. The city charter provides for this primary. There is no constitutional provision which would prevent either the state legislature or the city charter from providing that in city primaries the candidate receiving a majority of all the votes cast shall be declared elected. No such provision could be made so far as state, county or other officers are concerned, since under another constitutional provision they must be elected at the general election. Article 7, section 11, Constitution of Arizona. This provision does not, of course, apply to city officials. Since the constitution is merely a restriction on what the legislature or the people may provide in a home rule charter, there is no constitutional reason which would vitiate section 15. In the absence of a constitutional or lawful restriction, the legislature has full power to act, and the same is true of the people under a home rule city charter, within limitations imposed by the constitution and the law.

For ·the reasons stated, the alternative writ of mandamus heretofore issued is ordered quashed.