707 P.2d 972

**STATE of Arizona, Appellee,**

v.

**Todd C. McNEILL, Appellant.**

**No. 1 CA–CR 7996.**

Court of Appeals of Arizona,
Division 1, Department A.

July 16, 1985.

Reconsideration Denied Aug. 20, 1985.

Review Denied Oct. 16, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Crim. Div., and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Todd C. McNeill, pro per.

OPINION

JACOBSON, Chief Judge.

Appellant was cited on December 25, 1983, for failure to have proof of financial responsibility, a violation of A.R.S. § 28–1253. On February 7, 1984, appellant was found guilty in Prescott City Court and sentenced to a fine of $343.00 and a ninety day license suspension. Appellant filed a notice of appeal on February 10, 1984. Appellant apparently was aware that, not being an indigent, he would be required to pay for transcripts for his appeal. The appellant made a motion to the superior court to be found indigent. Rule 5, Superior Court Rules of Appellate Procedure—Criminal. This motion was based solely on appellant's self-proclaimed proposition that there is no lawful money in circulation. The motion contains no facts relating to appellant's financial circumstances. On April 9, 1984, the superior court ordered that appellant either pay for the transcripts or stipulate with the prosecutor that the tapes of the city court proceedings be sent untranscribed to superior court. On April 20, 1984, the state moved to dismiss for appellant's failure to either pay for transcripts or attempt to secure a stipulation. Appellant failed to appear for oral argument on the motion, and his appeal was dismissed on May 14, 1984. Appellant filed a notice of appeal to this court on May 22, 1984.

On appeal, appellant attempts to raise the following issues:

(1) Did the Prescott City Court lack jurisdiction in this case?

(2) Did the trial court err by denying appellant a trial by jury?

(3) Did the trial court err by denying appellant's motion to be represented by a non-lawyer counsel of his choice?

(4) Did the trial court err by denying appellant's motion to appoint a "public prosecutor" who was not a member of the executive branch of government and not a member of the State Bar of Arizona?

(5) Did the trial court err in denying appellant's notice of demand for rights *sua sponte?*

(6) Was the appellant denied his rights by the arresting officer?

(7) Was the prosecution required to establish intent or *corpus delicti?*

(8) Is A.R.S. § 28–1253 unconstitutional as a denial of appellant's right to peaceably assemble?

(9) Does A.R.S. § 28–1253 deny appellant's constitutional right to drive under the Ninth Amendment of the United States Constitution?

(10) Does A.R.S. § 28–1253 violate the constitutional prohibition against impairing the obligation of contracts?

(11) Does A.R.S. § 28–1253 violate the constitutional right against compulsory self-incrimination?

(12) Does A.R.S. § 28–1253 violate appellant's First Amendment right to freedom of religion?

(13) Does the requirement that appellant pay for transcripts violate the constitutional guarantee of the right to appeal?

The state responds only on the ground that appellant has forfeited his right to appeal by not complying with the procedures of the Superior Court Rules of Appellate Procedure—Criminal. Appellant, who was not found to be indigent, replies that requiring him to pay for transcripts of his appeal violates Art. II, § 24 of the Arizona Constitution which provides in part:

> In criminal prosecutions, the accused shall have the right to ... appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed.

## SCOPE OF APPEAL

The threshold question in this case is what issues, if any, can be considered by this court. As to the issues appellant purports to raise in his opening brief, none of these questions were decided adversely to the appellant's position in superior court. The only actions taken in superior court related to motions filed by appellant concerning the transcription costs. Further, appellant's notice of appeal contests the dismissal of his appeal for failure to make arrangements for a record as a violation of the Arizona Constitution. *See* Rule 31.2(d), Arizona Rules of Criminal Procedure. It is well settled that only issues presented in superior court are preserved for review; all others are waived. *Cf., State v. Acree,* 121 Ariz. 94, 588 P.2d 836 (1978). Accordingly, the only issue the appellant may appropriately raise is the dismissal of the appeal in superior court. However, this court's jurisdiction is limited by A.R.S. § 22–375 to appeals challenging the validity of a tax, impost, assessment, toll, municipal fine or statute. As the dismissal of this appeal pursuant to the Superior Court Rules of Appellate Procedure— Criminal falls outside the jurisdictional requirements of A.R.S. § 22–375, no appeal lies to this court in this case. Rule 13(b), Superior Court Rules of Appellate Procedure—Criminal. Appellant's remedy, if any, was by way of special action. A.R.S. § 12–2001, *et seq.; Arizona's Special Action Practice,* Ariz.St.L.J. 3, 1983, p. 535.

For the foregoing reasons, this appeal is dismissed.

GREER, J., and MANGUM, J. Pro. Tem.*, concur.

---

* Note: The Honorable RICHARD K. MANGUM, Coconino County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const.Art. VI, § 3.