736 P.2d 819
### STATE of Arizona, Appellee,

v.

### Sally Ann MERCURIO, Thomas Jesse Sapien, and Rose Skicewicz, Appellants.

Nos. 1 CA–CR 10290, 1 CA–CR 10291 and 1 CA–CR 10292.

Court of Appeals of Arizona, Division 1, Department D.

March 10, 1987.

Review Denied May 12, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., and Roderick G. McDougall, City Atty. by Cynthia A. Certa, Louis Frank Dominguez, Asst. City Prosecutors, Phoenix, for appellee.

Richard D. Coffinger, Glendale, for appellants.

Marvin A. Sondag, Phoenix, for Phoenix Municipal Court, amicus curiae.

## OPINION

BROOKS, Judge.

This consolidated appeal challenges the validity of chapter 8, § 5 of the Phoenix City Charter, which provides for the appointment of municipal court judges *pro tempore*. Each of the appellants was tried in Phoenix City Court before a judge *pro tempore* and was convicted of driving while intoxicated. We affirm.

### FACTS

On September 20, 1985, appellant Mercurio's case was called for jury trial in the Phoenix Municipal Court, Judge *pro tempore* Lindsey B. Ellis presiding. Mercurio filed a motion to dismiss the complaint, arguing that the judge had been appointed unlawfully and therefore lacked jurisdiction. The motion was denied and the case proceeded to trial. Mercurio was convicted of driving while intoxicated and sentence was imposed. On appeal to the superior court, Mercurio's conviction and sentence were affirmed. She timely appealed to this court.

On November 20, 1985, appellant Sapien's case was called for jury trial in the Phoenix Municipal Court before Judge *pro tempore* Louraine Crawford. Sapien's counsel moved for reassignment of the

case to a full-time judge serving a fixed term or, alternatively, for dismissal because the judge *pro tempore* lacked jurisdiction. The motion was denied. Sapien waived his right to a jury trial, and the case proceeded to trial to the court. He was convicted of driving while intoxicated and driving with a blood alcohol content of greater than .10 percent. Sapien appealed to the superior court, which affirmed the judgments and sentences. He timely filed a notice of appeal to this court.

On November 26, 1985, appellant Skicewicz' case was called for jury trial in the Phoenix Municipal Court before Judge *pro tempore* Walter Switzer. Skicewicz' counsel moved to have the case reassigned to a full-time judge or, alternatively, to dismiss the complaint for lack of jurisdiction. Full-time Phoenix Municipal Court Judge Elizabeth R. Finn heard this motion and denied it. Skicewicz thereafter waived her right to a jury trial and submitted the case to the judge *pro tempore* based upon certain records. Skicewicz was convicted of driving while intoxicated and driving with a blood alcohol content of .10 percent or greater. She appealed her convictions and sentences to the superior court, which affirmed. Skicewicz timely filed a notice of appeal to this court.

In each case, the basis for the motion to dismiss for lack of jurisdiction was that the city of Phoenix has no lawful authority to appoint judges *pro tempore* to hear cases in the Phoenix Municipal Court. Therefore, appellants argue, the judges *pro tempore* who presided over their trials lacked jurisdiction, and their convictions and sentences are void or voidable. All of these appeals concern this single issue and were consolidated by order of this court. The Phoenix Municipal Court was permitted to file an *amicus curiae* brief.

■ Our jurisdiction to consider this appeal is limited by A.R.S. § 22–375 and article VI, § 5 of the Arizona Constitution, which restricts our review of superior court judgments in actions appealed from a jus-

tice of the peace or police court to "the validity of a tax, impost, assessment, toll, statute or municipal ordinance." None of the interested parties has questioned our jurisdiction to consider the validity of a city charter provision. We have broadly defined the term "municipal ordinance," as used in art. VI, § 5, to mean any enactment of a political body in the state exercising governmental functions. *State v. Kelsall,* 22 Ariz.App. 97, 523 P.2d 1334 (1974). The validity of a city charter provision is therefore subject to review by this court.

## POWER TO APPOINT JUDGES PRO TEMPORE

Phoenix City Charter ch. 8, § 5 provides:
§ 5. Appointment of judges pro tempore.

The chief presiding judge may, with the approval of the city manager, appoint such judges pro tempore as are required by the city court.

Appellants first argue that this provision is invalid because article VI, § 31 of the Arizona Constitution grants to the legislature exclusive authority to provide for the appointment of judges *pro tempore* of courts inferior to the supreme court. We disagree.

■ The city of Phoenix is a charter or "home rule" municipality organized pursuant to article XIII, § 2 of the Arizona Constitution.[1] A charter city may exercise all powers authorized by its charter, except where such exercise is inconsistent with our state constitution or the general laws of this state. *State v. Jacobson,* 121 Ariz. 65, 588 P.2d 358 (App.1978). Our first inquiry, therefore, is whether chapter 8, § 5 of the Phoenix City charter is "inconsistent" with article VI, § 31 of the Arizona Constitution, which provides in relevant part:

The Legislature *may* provide for the appointment of members of the bar *having the qualifications provided in § 22 of this article* as judges pro tempore of

1. Article XIII, § 2 provides in part:
 Any city containing, now or hereafter, a population of more than three thousand hun-

dred may frame a charter for its own government consistent with, and subject to, the Constitution and the laws of the State....

courts inferior to the Supreme Court. When serving, any such person shall have all the judicial powers of a *regular elected judge* of the court to which he is appointed. . . .

(Emphasis added.)

 Appellee and amicus contend that the charter provision does not conflict with art. VI, § 31 because the latter does not apply to city courts at all. Although they concede that such courts are obviously "inferior" to the supreme court within the normal meaning of the word,[2] they contend that city courts are not "courts inferior to the supreme court" within the meaning of § 31. Seizing upon the phrase, "regular elected judge," appellee and amicus note that regular city court judges are not necessarily elected; under A.R.S. § 22–403, a city or town may provide by charter or ordinance for the manner in which its city court judges are selected. Indeed, chapter 8, § 3 of the Phoenix City Charter requires that city court judges be appointed by the city council.

In the same vein, appellee and amicus urge us to interpret § 31 in light of art. VI, § 22, which sets forth the qualifications of judges, and which, they argue, excludes judges of city courts. Article VI, § 22 provides:

> Judges of the superior court, intermediate appellate courts or courts inferior to the superior court *having jurisdiction in civil cases of one thousand dollars or more,* exclusive of interest and costs, established by law under the provisions of section 1 of this article, shall be at least thirty years of age, of good moral character and admitted to the practice of law in and a resident of the State for five years next preceding their taking office.

(Emphasis added.) Because city courts do not, at present, have jurisdiction over civil matters, appellees and amicus argue that § 22, and therefore § 31, must not apply to city courts. *See* A.R.S. § 22–402 (quoted *infra,* at 340, 736 P.2d at 823). However, since under Arizona Constitution art. VI, § 32, the jurisdiction of city courts shall be "as provided by law," we note that the legislature might well choose to expand the jurisdiction of those courts to include civil matters. Although we find the argument that § 31 does not apply to city courts intriguing, we find it to be unpersuasive.

Appellees and amicus also argue that even if the language of § 31 does encompass city courts, this section does not represent an *"exclusive* grant of authority" to the legislature. We agree. The language of § 31 is permissive only. It does not require the legislature to provide for the appointment of municipal court judges *pro tempore,*[3] nor does it prohibit cities from so providing in their charters.

Moreover, the Phoenix City Charter is itself of constitutional origin. *City of Tucson v. Tucson Sunshine Climate Club,* 64 Ariz. 1, 164 P.2d 598 (1945), Pursuant to Article XIII, § 2 of the Arizona Constitution, the people of Phoenix have adopted chapter 8 of the city charter, establishing a city court system and providing for the appointment of a chief presiding judge, other full-time judges, and judges *pro tempore.* Chapter 8 also provides for management over financial, personnel, and administrative functions of the court.

In *Maxwell v. Fleming,* 64 Ariz. 125, 166 P.2d 831 (1946), the Arizona Supreme Court considered the constitutionality of another provision of the Phoenix City Charter, ch. 12, § 15, concerning primary elections for city officers. Respondents in that case ar-

---

2. *See Winter v. Coor,* 144 Ariz. 56, 695 P.2d 1094 (1985) (magistrate courts are part of the integrated judicial department of this state as contemplated in article VI, § 1 of the Arizona Constitution). *See also Bruce v. State,* 126 Ariz. 271, 614 P.2d 813 (1980) (the subject matter jurisdiction of the Tucson City Court is limited by Article VI, § 32 of the Arizona Constitution, which, by its terms applies to justice of the peace courts and *courts inferior to the superior court* ).

3. To date, the legislature has provided for the appointment of judges *pro tempore* of the court of appeals, superior court, and justice of the peace courts. *See* A.R.S. §§ 12–145 to 147, §§ 12–141 to 144 and §§ 22–121 to 122, respectively. However, the legislature has not so acted with respect to municipal court judges *pro tempore,* an omission appellants characterize as an "oversight."

gued that the charter provision conflicted with article VII, § 10 of the Arizona Constitution, which requires the legislature to enact a direct primary election law to provide for the nomination of candidates for all elective state, county, and city offices. The charter not only provided for primary elections of city officers, but also provided that any candidate in a city primary election who received a majority of votes cast at such election would be declared elected, a provision which would have been unconstitutional if applied to state, county, or other officers, who must be elected at a general election. *See* Ariz. Const. art. VII, § 11. The court had no trouble rejecting respondents' argument.

> In the absence of a constitutional or lawful restriction, the legislature has full power to act, and the same is true of the people under a home rule city charter, within limitations imposed by the constitution and the law.

64 Ariz. at 128, 166 P.2d at 833. The principles set out and the reasoning applied in *Maxwell* were reaffirmed in *Strode v. Sullivan*, 72 Ariz. 360, 236 P.2d 48 (1951) and are applicable in this case. Chapter 8, § 5 of the Phoenix City Charter is not in conflict with any constitutional provision. Nor, as is discussed below, is it in conflict with any other provision of law.

## PREEMPTION

■ Appellants next argue that chapter 8, § 5 is invalid because the legislature has preempted the subject of appointment of judges *pro tempore*. Whether the state has preempted or precluded the city from legislating in a particular area depends on two conditions: (1) the subject must be of statewide concern; and (2) the state legislation must have appropriated the field. *State v. Jacobson*, 121 Ariz. 65, 588 P.2d 358 (App.1978).

> [B]oth a city and state may legislate on the same subject when that subject is of local concern or when, though the subject is not of local concern, the charter or particular state legislation confers on the city express power to legislate thereon; but where the subject is of statewide concern, and the legislature has appropri-

ated the field by enacting a statute pertaining thereto, that statute governs throughout the state, and local ordinances contrary thereto are invalid. *Phoenix Respirator & Ambulance Service, Inc. v. McWilliams,* 12 Ariz.App. 186, 188, 468 P.2d 951, 953 (1970).

*Jacobson,* 121 Ariz. at 69, 588 P.2d at 362.

■ We do not agree that § 5 is preempted by state legislation. Whether the matter is one of local or statewide concern, the charter provision at issue here is not "contrary to" any state statute. Where there is no direct conflict between state statutes and the exercise of power authorized by a city's charter, our inquiry is whether the state legislation has so completely occupied the field that it becomes the sole and exclusive law on the subject. *Prendergast v. City of Tempe,* 143 Ariz. 14, 691 P.2d 726 (App.1984).

■ Although the state legislature has enacted specific laws pertaining to the appointment of judges *pro tempore* in other courts (*see supra* note 3), it has not enacted such laws applicable to city courts. Thus, § 5 is not in conflict with any state statute, and we are unwilling to infer from legislative silence an intent to preempt the city from providing for the appointment of judges *pro tempore*. To the contrary, it appears that the legislature intended for cities and towns to provide for the appointment of judges *pro tempore* though their respective charters or ordinances. A.R.S. §§ 22–402 and 22–403 concern city courts. Section 22–402 provides:

> A. In each city or town incorporated under the general laws of this state, there shall be a police court.
>
> B. Every court established pursuant to subsection A, and every court established in a city incorporated under the provisions of article 5, chapter 2, title 9, or incorporated under the provisions of a special act or charter, has jurisdiction of all cases arising under the ordinances of the city or town, and has jurisdiction currently with justices of the peace of precincts in which the city or town is located, of violations of laws of the state

committed within the limits of the city or town.

Section 22–403 provides in part:

A. The presiding officer of the police court shall be a police justice, who shall be selected in a manner provided by the charter or ordinances of the city or town. He shall receive such compensation as provided by the governing body of the city or town.

## IMPLIED POWER

Appellees and amicus also argue that by virtue of the express authority contained in this section, even absent a valid charter provision authorizing the appointment of city court judges *pro tempore*, the city of Phoenix and its municipal court would have implied or inherent power to provide for such appointments. However, because the charter provision in question is consistent with the constitution and laws of the State of Arizona, we find it unnecessary to address this argument and express no opinion as to its merits.

## CONCLUSION

For the reasons stated, we conclude that chapter 8, § 5 of the Phoenix City Charter is valid authority for the appointment of judges *pro tempore* of the Phoenix Municipal Court. The judgments of conviction and the sentences imposed are therefore affirmed.

KLEINSCHMIDT, P.J., and SHELLEY, J., concur.