738 P.2d 1143

STATE of Arizona, Appellee,

v.

Robert L. HOLLAND, Appellant.

No. 1 CA–CR 10177.

Court of Appeals of Arizona,
Division 1, Department D.

March 19, 1987.

Review Denied June 30, 1987.

Roderick G. McDougall, City Atty., by Louis Frank Dominguez, Asst. City Pros., Phoenix, for appellee.

Roger J. Blake, Phoenix, for appellant.

Marvin A. Sondag, Phoenix, for Phoenix Mun. Court, amicus curiae.

## OPINION

BROOKS, Judge.

Appellant (defendant) challenges the appointment of the city court judge *pro tempore* who presided over his trial. Our review is necessarily limited to a single issue: the validity of chapter 8, § 5 of the Phoenix City Charter, which authorizes the appointment of Phoenix Municipal Court judges *pro tempore*. Because that provision is valid, we affirm defendant's conviction.

Defendant was charged with several traffic violations, including driving while intoxicated. Over his objection, he was tried before a *pro tempore* judge in Phoenix Municipal Court. Defendant was convicted of driving while intoxicated, and the prosecution alleged and proved a prior DWI conviction. The trial court placed him on probation for three years and ordered him to pay a fine of $1,370, to serve 120 days in jail, to undergo alcohol abuse screening, and to attend Alcoholics Anonymous meetings once a week for two years. The court also revoked defendant's driver's license for two years.

Pursuant to A.R.S. §§ 22-425 and 22-371 to 374, defendant appealed his conviction to the superior court, where he urged several grounds for relief. Among other things, he contended that the Honorable Bruce M. Preston, the judge *pro tempore* who had presided over his trial, had been appointed illegally and therefore lacked jurisdiction. The superior court rejected defendant's arguments and affirmed the conviction, but stayed its remand for sentencing pending defendant's appeal to this court.

Defendant now reurges his argument as to the validity of Judge Preston's appointment. In support of his argument, defendant pursues several different avenues of attack, some of which are based on eviden-

tiary hearings in other cases wherein the same issue was raised.

Although defendant's first theory is not presented very clearly, we believe that it is based on his contention that Judge Preston was not a *pro tempore* judge at all, but was in reality a "full-time, part-time judge" who, under chapter 8, § 3 of the Phoenix City Charter, could be appointed only by the Phoenix City Council. Because Judge Preston was appointed instead by the presiding or assistant presiding judge of the city court, defendant concludes that Judge Preston was without authority to preside over his trial. Defendant contends that the city council may not constitutionally delegate its power to appoint city court judges.

Alternatively, defendant seems to argue that even if Judge Preston was a duly appointed judge *pro tempore*, his appointment was unlawful because the Arizona Constitution grants to the legislature exclusive power to provide for the appointment of judges *pro tempore* of courts inferior to the supreme court. Furthermore, he contends that the city of Phoenix is preempted by state legislation from providing for the appointment of judges *pro tempore*. Defendant would have us hold, therefore, that chapter 8, § 5 of the Phoenix City Charter, which provides that the presiding judge may appoint judges *pro tempore* to the municipal court, is invalid.

Finally, defendant contends that even if Judge Preston was a judge *pro tempore*, appointed under the authority of a valid charter provision, the appointment was nevertheless invalid because it was not approved by the city manager as the charter requires. He argues that because Judge Preston was not appointed in the manner required by law, he had no authority to act, and defendant's conviction was therefore a nullity.

## JURISDICTION

■ This court examines cases before it to determine whether or not we have jurisdiction, even when the issue is not raised by the parties. *State v. Wimberg*, 21 Ariz. App. 1, 514 P.2d 1258 (1973). Our review of defendant's case is limited by A.R.S. § 22-375, which provides:

A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court.

Appeals from superior court determinations of matters originating in police court must be confined exclusively to statutorily delineated issues. *State v. Spitz*, 15 Ariz. App. 120, 486 P.2d 800 (1971). Beyond the scope of our review are such matters as the sufficiency of the evidence to sustain a conviction, *State v. Jacobson*, 121 Ariz. 65, 588 P.2d 358 (App.1978); an attack on the lower court's interpretation or application of a statute, *State v. Renteria*, 126 Ariz. 591, 617 P.2d 543 (App.1979); *State v. Owens*, 114 Ariz. 565, 562 P.2d 738 (App.1977); a challenge to the superior court's dismissal of an appeal from city court, *State v. McNeill*, 146 Ariz. 568, 707 P.2d 972 (App. 1985); a challenge to the propriety of a search warrant issued by a justice of the peace, *State v. Fagerberg*, 17 Ariz.App. 63, 495 P.2d 503 (1972); and issues concerning evidentiary or factual disputes, *Sanders v. Moore*, 117 Ariz. 527, 573 P.2d 927 (App. 1977).

In summary, a criminal misdemeanor case that is tried in city court may be appealed to the superior court. Ariz. Const. art. VI, § 16; A.R.S. § 22-371 to 374. The superior court's decision, however, is final, and there is no further right of direct appeal or special action review by the Court of Appeals unless the validity of a tax, impost, assessment, toll, municipal fine, or statute is challenged. *Baca v. Don*, 130 Ariz. 222, 635 P.2d 510 (App. 1981). This exception includes city or town ordinances, *see State v. Jacobson,* 121 Ariz. 65, 588 P.2d 358 (App.1978); county health regulations, *see State v. Kelsall*, 22

Ariz.App. 97, 523 P.2d 1334 (1974); and city charter provisions, *see State v. Mercurio,* 153 Ariz. 336, 736 P.2d 819 (consolidated) (App.1987). With these principles in mind, we turn to the merits of defendant's appeal.

## NATURE OF THE APPOINTMENT

Defendant vigorously contends that Judge Preston was not a judge *pro tempore* but was instead serving as a full-time, part-time judge. Chapter 8, § 3 of the Phoenix City Charter requires that judges of the city court be appointed by the city council. In contrast, § 5 permits the presiding judge to appoint judges *pro tempore.* In support of his argument, defendant relies on evidence adduced at evidentiary hearings held below. This argument is not a challenge to the validity of an ordinance or charter provision. It concerns evidentiary matters and the interpretation or definition of the term, "judge *pro tempore.*" As such, the issue is not one that we may consider on review. *Sanders v. Moore; Renteria.*

## APPOINTMENT OF JUDGES PRO TEMPORE

Although defendant's argument is not entirely clear, he seems to contend that if Judge Preston was a judge *pro tempore,* he was unlawfully appointed for two reasons. First, defendant observes that although the legislature has provided for the appointment of judges *pro tempore* of the court of appeals, A.R.S. §§ 12–145 to 147; of the superior court, A.R.S. §§ 12–141 to 144; and of justice courts, A.R.S. §§ 22–121 to 122, it has not acted to provide for the appointment of judges *pro tempore* of municipal courts. Defendant contends that the city of Phoenix is without authority to appoint judges *pro tempore,* and would, in fact, be preempted by state legislation from so acting.

This argument overlooks chapter 8, § 5 of the Phoenix City Charter, which provides:

> The chief presiding judge may, with the approval of the city manager, appoint such judges pro tempore as are required by the city court.

We have recently held that this section represents a valid exercise of the power delegated to the city of Phoenix as a charter city incorporated under article XIII, § 2 of the Arizona Constitution. *See Mercurio.*

Second, defendant seems to complain that even if § 5 is valid, it places the power to appoint judges *pro tempore* in the hands of the city manager, not the chief presiding judge. He argues that this power may not be delegated to the chief presiding judge or redelegated, without standards, to the assistant presiding judge. Because these arguments concern the proper interpretation and application, rather than the validity of § 5, we are without jurisdiction to consider the merits of defendant's arguments on these issues. *See Renteria; see also State v. Wolfe,* 137 Ariz. 133, 669 P.2d 111 (App.1983).

For the foregoing reasons, defendant's conviction and sentence are affirmed.

KLEINSCHMIDT, P.J., and SHELLEY, J., concur.