796 P.2d 942

**STATE of Arizona, Appellee,**

v.

**Steven B. WILSON, Appellant.**

**No. 1 CA–CR 89–191.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 23, 1990.

---

Roderick G. McDougall, City Atty. by Michael L. Scanlan, Asst. City Prosecutor, Phoenix, for appellee.

Steven B. Wilson, Los Angeles, Cal., in pro. per.

## OPINION

BROOKS, Judge.

On February 1, 1988, several complaints were filed against defendant Steven B. Wilson in Phoenix Municipal Court. The charges included driving on a suspended license in violation of A.R.S. section 28–473(A), parking a taxicab for the purpose of picking up passengers at the airport without having a proper taxicab meter installed in violation of Phoenix City Code (P.C.C.) section 4–71.10(5)(a), and engaging in the taxicab business at the airport without having obtained a commercial ground transportation permit in violation of P.C.C. section 4–71.03(a). The trial court found defendant guilty of these three violations, placed him on two years summary probation, and fined him $959. Defendant appealed to the superior court, which affirmed the convictions. He has now appealed to this court, raising the following issues:

(1) Was the evidence sufficient to prove that defendant drove upon a public highway or that he had notice that his license was suspended?

(2) Was defendant criminally convicted of a civil traffic offense?

(3) Is defendant's vehicle a ground transportation vehicle?

(4) Is P.C.C. section 4–71.03(a) invalid because the state has preempted the field of auto licensing?

## JURISDICTION

The state has questioned this court's jurisdiction to consider several of the issues in this case. In addition, we have the duty to raise *sua sponte* the question of our subject matter jurisdiction. *State v. Poli*, 161 Ariz. 151, 776 P.2d 1077 (App.1989). Defendant was convicted in municipal court, and he appealed to the superior court. Our appellate jurisdiction over such cases is limited by A.R.S. section 22–375, which provides:

A. An appeal may be taken by the defendant, this state, or any of its political subdivisions from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

B. Except as provided in this section there shall be no appeal from the judgment of the superior court given in an

action appealed from a justice of the peace or police court.

*See also* Ariz. Const. art. 6, § 5(5).

Furthermore, an appeal that raises an issue or issues within our jurisdiction under section 22–375 is before us on those issues alone. *See, e.g., State v. Holland,* 153 Ariz. 536, 738 P.2d 1143 (App.1987) (appeals from superior court determinations of matters originating in police court must be confined exclusively to statutorily delineated issues).

■ Here, defendant's first three issues concern the sufficiency of the evidence and the propriety of procedures employed in his municipal court trial. We have no jurisdiction to consider these matters and, accordingly, we do not address them. In so holding, we decline to follow *State v. Harrison,* 164 Ariz. 316, 792 P.2d 779 (App.1990). Of the three issues raised by the defendant in *Harrison,* only one was within this court's jurisdiction under A.R.S. section 22–375. However, the *Harrison* court nevertheless determined that jurisdiction over the other two issues was proper under A.R.S. section 13–4035. *See id.* 792 P.2d at 780, n. 3.

In our opinion, *Harrison* misinterprets A.R.S. section 13–4035, which provides:

Upon an appeal taken by a defendant from the judgment, the supreme court shall review the entire record.

This section requires us to search the record in all criminal appeals for fundamental error, but it is relevant only to the scope of our review, not to our jurisdiction. *Cf. State v. Dawson,* 164 Ariz. 278, 792 P.2d 741 (1990) (A.R.S. section 13–4037, which directs the supreme court to correct an illegal sentence, assumes the existence of subject matter jurisdiction, but does not apply to increase the court's jurisdiction beyond the limits otherwise imposed by statute). Accordingly, we conclude that our jurisdiction to review this case extends only to defendant's attack on the validity of P.C.C. section 4–71.03(a).

## PREEMPTION

■ Defendant contends that state law preempts the city ordinance requiring him to have a permit in order to operate a taxicab business at the airport. We disagree.

Phoenix City Code section 4–71.03(a) provides:

No owner of a ground transportation vehicle shall engage in the business of picking up a passenger or passengers at the airport without first having obtained a commercial ground transportation permit as provided in this section.

Arizona Revised Statutes section 28–411(C) provides:

A person licensed as an operator or chauffeur under this Chapter may exercise the privilege thereby granted upon all streets and highways in this state and shall not be required to obtain any other license to exercise the privilege by any county, municipal or local board, or body having authority to adopt local police regulations.

Whether the state has preempted or precluded a city from legislating in a particular area depends upon two conditions: (1) the subject matter must be of statewide concern; and (2) the state legislation must have appropriated the field. *State v. Mercurio,* 153 Ariz. 336, 340, 736 P.2d 819, 823 (1987).

[B]oth a city and state may legislate on the same subject when that subject is of local concern or when, though the subject is not of local concern, the charter or particular state legislation confers on the city express power to legislate thereon; but where the subject is of statewide concern, and the legislature has appropriated the field by enacting a statute pertaining thereto, that statute governs throughout the state, and local ordinances contrary thereto are invalid.

*Phoenix Respirator & Ambulance Service, Inc. v. McWilliams,* 12 Ariz.App. 186, 188, 468 P.2d 951, 953 (1970).

Phoenix City Code section 4–71.03(a) is not "contrary to" A.R.S. section 28–411 because the two enactments do not concern the same subject. It is undisputed that the authority to license operators of motor ve-

 

hicles belongs exclusively to the state. The city code, however, does not purport to require the *driver* of a taxicab to obtain an additional license to operate the vehicle. Instead, it requires a taxicab *owner* to obtain a business permit before engaging in the business of picking up passengers at the airport.

We find nothing in the statutory scheme for licensing operators of motor vehicles that would suggest a legislative intent to preempt the city's authority to require or issue business permits.

Affirmed.

VOSS, P.J., and LANKFORD, J., concur.