NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CONNOR STOCK, *Appellant*.

No. 1 CA-CR 23-0314
FILED 06-04-2024

Appeal from the Superior Court in Maricopa County
No. CR2017-116634-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Appellee*

Brown & Little PLC, Phoenix
By Matthew O. Brown
*Counsel for Appellant*

————————————————

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

————————————————

**C A T L E T T**, Judge:

¶1 Connor Stock ("Stock") asks us to reverse the superior court's denial of his successive petition to expunge a conviction for possession of drug paraphernalia. Because claim preclusion barred that petition, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In 2016, the police arrested Stock during a traffic stop after finding methamphetamine, heroin, marijuana, and drug paraphernalia in the vehicle. The State of Arizona ("State") charged Stock with possessing methamphetamine (count 1), heroin (count 2), and marijuana (count 3). Stock eventually pled guilty to an amended version of count 1 for "possession of drug paraphernalia" in violation of, among other statutes, A.R.S. § 13-3415. In return, the State dismissed counts 2 and 3.

¶3 In 2020, Arizona voters adopted Proposition 207, known as the Smart and Safe Arizona Act ("the Act"). The Act allows expungement of certain marijuana-related offenses. *See* A.R.S. § 36-2862. Stock asked the superior court to expunge counts 1 and 3, which he claimed were marijuana-related offenses. In relevant part, Stock's petition stated:

> Petitioner hereby requests expungement for the following offense: COUNT ONE, DRUG PARAPHERNALIA POSSESSION/USE. This Count is eligible for expungement pursuant to A.R.S. § 36-2862(A)(3) because Petitioner was charged of '[p]ossessing, using or transporting paraphernalia related to the cultivation, manufacture, processing, or consumption of marijuana.'

¶4 The State argued count 1 was ineligible for expungement because Stock's guilty plea "was related to methamphetamine, not marijuana." The State pointed out that the sentencing order on count 1 referenced § 13-3407 (addressing methamphetamine), not § 13-3405 (addressing marijuana).

**¶5** The court expunged count 3 only. The court stated that its order "only applie[d] to records relating to the possession, consumption, cultivation or transportation of marijuana, marijuana concentrate or related drug paraphernalia." The order explained that charges or convictions "outside the purview of A.R.S. § 36-2862 *shall not be expunged*." (Emphasis added). And it listed count 3 as the only "expungement-eligible charge."

**¶6** In May 2023, Stock moved for reconsideration as to count 1. Stock argued that count was eligible because possession of drug paraphernalia under § 13-3415, one of the statutes referenced in the amended version of count 1, is a "unitary offense." He also argued that "because marijuana [was] included in the mix of drugs" found in his possession, he was entitled to expungement. The court denied reconsideration.

**¶7** In June 2023, Stock filed a second petition to expunge count 1, asserting the same arguments as in his first petition. The State again responded that the paraphernalia underlying count 1 related to methamphetamine, not marijuana. The State also pointed out that the court had "already denied [Stock's] petition as to Count 1, as well as a motion to reconsider." The court denied the second petition and Stock filed a notice of appeal.

## JURISDICTION

**¶8** We first address whether we have jurisdiction. *See State v. Holland*, 153 Ariz. 536, 538 (App. 1987). The State moved to dismiss Stock's appeal, arguing Stock's notice of appeal was untimely. "If [a] court denies a petition for expungement," as it did here, "the petitioner may file a direct appeal" no later than 20 days after entry of judgment. A.R.S. §§ 36-2862(F), 13-4033(A)(3); Ariz. R. Crim. P. 31.2(a)(2)(B).

**¶9** On April 5, 2023, the superior court ordered expungement of count 3 and denied expungement of count 1. On May 9, Stock moved for reconsideration as to count 1. On May 31, the superior court denied that motion. Stock did not appeal the partial denial of his first petition. Instead, 12 days later, Stock filed a second petition to expunge count 1. The superior court denied that petition on July 14 and Stock filed a notice of appeal on July 25.

**¶10** The State argues that "[n]o rule recognizes motions to reconsider previously denied motions to reconsider, much less allows appeals from orders denying reurged motions for reconsideration." In the State's view, Stock is appealing the court's denial of his first petition and

motion for reconsideration, and therefore we lack jurisdiction. If Stock were indeed appealing from his first petition, the State would be correct—Stock filed his notice of appeal over 100 days after the court denied that petition. *See* Ariz. R. Crim. P. 31.2(a)(2)(B). But Stock is not appealing that denial; he is appealing the denial of his second petition. And he timely filed a notice of appeal within 20 days of that denial. We therefore have jurisdiction and deny the State's motion to dismiss. *See* A.R.S. §§ 36-2862(F), 13-4033(A)(3)

## DISCUSSION

**¶11**         Stock argues the superior court abused its discretion in denying his second petition because count 1 was related to marijuana and should have been expunged. We review the denial of an expungement petition for an abuse of discretion. *State v. Cisneros*, 255 Ariz. 564, ___ ¶ 8 (App. 2023). We "may affirm on any basis supported by the record." *State v. Wassenaar*, 215 Ariz. 565, 577 ¶ 50 (App. 2007).

**¶12**         Stock asserts "there is no rule prohibiting [him] from filing successive petitions to expunge[.]" True, § 36-2862 does not expressly prohibit successive petitions. But there is another doctrine that prohibits parties from bringing successive claims—claim preclusion.

**¶13**         Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action resulting in a final judgment." *Quinn v. Cardenas*, 256 Ariz. 77, ___ ¶ 21 (App. 2023) (quotation marks omitted) (citing *Clem v. Pinal County*, 251 Ariz. 349, 353 ¶ 8 (App. 2021)). We therefore "'treat[] a judgment, once rendered as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" *Id.* at ___ ¶ 31. Claim preclusion applies when a prior legal action: (1) involved the same claim; (2) reached a final judgment on the merits; and (3) involved identical parties. *Howell v. Hodap*, 221 Ariz. 543, 546 ¶ 17 (App. 2009).

**¶14**         Here, all three requirements are met. The State correctly points out that Stock's second petition was, in all material respects, identical to his first, which was denied on the merits as to count 1.

**¶15**         Stock's claim to expunge count 1 was the same in his first and second petitions. Stock admits that his second petition was a "successive petition." Stock not only *could have* brought his claim to expunge count 1 in his first petition, but he actually did so. The first and second petitions both contained the following request:

Petitioner hereby requests expungement for the following offense: COUNT ONE, DRUG PARAPHERNALIA POSSESSION/USE. This Count is eligible for expungement pursuant to A.R.S. § 36-2862(A)(3) because Petitioner was charged of '[p]ossessing, using or transporting paraphernalia related to the cultivation, manufacture, processing, or consumption of marijuana.'

Thus, both petitions arose from the same facts, incident, arrest, and charge.

**¶16** Stock argues that because his second petition requested an evidentiary hearing and express findings of fact, and his first petition did not, the two petitions were "significant[ly] differen[t]." We disagree. Requesting an evidentiary hearing and express findings does not render the substance of the underlying claim different, particularly when Stock could have made those requests in connection with his first petition. *See Pettit v. Pettit*, 218 Ariz. 529, 533 ¶ 10 (App. 2008) (stating that claim preclusion applies to issues actually litigated and "also upon those points which might have been litigated") (quoting *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 174 (App. 1987)).

**¶17** The superior court reached a final judgment on the merits of Stock's first petition. In its order, the court expunged count 3. The court denied further expungement, concluding count 3 was the only "expungement-eligible charge[][.]" Stock could have appealed that order as to count 1, but he failed to do so; instead, he filed a "successive petition."

**¶18** Finally, both petitions involved identical parties—Stock and the State—thereby satisfying the third requirement for claim preclusion.

**¶19** Stock was precluded from claiming expungement of count 1 in a "successive petition," so the superior court did not abuse its discretion in denying that petition. *See Forszt v. Rodriguez*, 212 Ariz. 263, 265 ¶ 9 (App. 2006) (affirming a superior court's ruling if it is correct for any reason supported by the record). Because we affirm based on claim preclusion, we do not reach the merits of Stock's "successive petition" to expunge count 1.

**CONCLUSION**

¶20       We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV