NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

YANG SHAO, *Plaintiff/Appellant,*

*v.*

CITY OF PHOENIX, *Defendant/Appellee.*

No. 1 CA-CV 23-0460

FILED 08-20-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2022-015771
No. LC2023-000012-001

Phoenix Municipal Court
No. 2190907
No. 2190909
No. 2190910
The Honorable Susanne C. Pineda, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Brian K. Stanley PLLC, Phoenix
By Brian K. Stanley
*Counsel for Plaintiff/Appellant*

Phoenix City Attorney's Office, Phoenix
By Julie M. Kriegh, Daniel J. Inglese
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

**¶1**         Plaintiff Yang Shao appeals a denial of her request for declaratory relief and injunction against the City of Phoenix ("the City") relating to whether the City's ordinance regarding boarding houses is preempted by the State's regulation of vacation and short-term rental properties. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Plaintiff owns three residential properties in Phoenix located in an R1-10 zoning district and classified for tax purposes under Arizona Revised Statutes ("A.R.S.") § 42-12004. All three properties are registered as short-term rental properties under Phoenix City Code § 10-195. Each property has between nine and eleven rooms that Plaintiff rents on a daily or weekly basis.

**¶3**         The City cited Plaintiff for maintaining a non-permitted use by operating a boarding house in an R1-10 zoning district, and Plaintiff appealed to the municipal court. *See* Phoenix Zoning Ordinance § 608(D), (E)(9) (allowing boarding houses in R-3, R-3A, R-4, R-4A, and R-5 zoning districts with use permits only); § 611(B) (allowing only single-family detached homes in R1-10 zoning districts). The municipal court upheld the violations, and Plaintiff appealed to the superior court. Separately, Plaintiff sought a declaratory judgment that boarding houses are permissible and a permanent injunction prohibiting further enforcement of the zoning ordinance. Because both matters raised the same issues, the superior court consolidated the appeal and the declaratory judgment action.

**¶4**         After oral argument, the superior court concluded that the short-term rental statute, A.R.S. § 9-500.39, did not preclude enforcement of the zoning ordinance prohibiting boarding houses in R1-10 zoning districts. As a result, the court dismissed the declaratory judgment action and affirmed the municipal court's ruling on the zoning violations.

2

¶5    Plaintiff timely appealed. We have jurisdiction over the dismissal of the declaratory judgment action under A.R.S. § 12-2101(A)(1). We also have appellate jurisdiction over the superior court's ruling that affirmed the citations because Plaintiff challenges the validity of the zoning ordinance. *See* A.R.S. § 22-375(A); *City of Tucson v. Grezaffi*, 200 Ariz. 130, 133 ¶ 3 (App. 2001).

## DISCUSSION

¶6    Plaintiff argues the ordinance prohibiting boarding houses in R1-10 zoning districts is preempted by the State's statute that restricts municipalities from prohibiting vacation and short-term rentals. We review de novo issues involving interpretation of a statute or city ordinance. *See Whiteco Outdoor Advert. v. City of Tucson*, 193 Ariz. 314, 316–17 ¶ 7 (App. 1998).

¶7    "A city may 'exercise all powers granted by its charter, provided that the exercise is not inconsistent with either the constitution or general laws of the state.'" *Babe's Cabaret v. City of Scottsdale*, 197 Ariz. 98, 101 ¶ 7 (App. 1999) (as amended) (quoting *City of Tucson v. Rineer*, 193 Ariz. 160, 161–62 ¶ 2 (App. 1998)). But when the state legislature has provided clear direction that a state policy enacted through law is of statewide concern, conflicting ordinances or regulations by cities, towns, or political subdivisions are preempted. *Jett v. City of Tucson*, 180 Ariz. 115, 121 (1994). For a municipal ordinance to be preempted, it "must actually conflict with governing state law." *Winkle v. City of Tucson*, 190 Ariz. 413, 416 (1997). When reviewing whether a state law preempts a local ordinance, a court must examine whether: "(1) the subject [is] of statewide concern; and (2) the state legislation [has] appropriated the field." *State v. Mercurio*, 153 Ariz. 336, 340 (App. 1987) (citation omitted).

¶8    To determine the subject matter is of statewide concern, a court must "examine the validity and substance of the governing state statute." *Winkle*, 190 Ariz. at 417. Here, the Legislature enacted a statute that prohibits cities from banning vacation and short-term rentals. *See* A.R.S. § 9-500.39(A). That statute was part of a larger statutory scheme enacted in 2016 by the Legislature that created a framework for growing an innovative industry of vacation and short-term rental properties which outlined how the industry fit within the Arizona's tax code. *See* 2016 Ariz. Sess. Laws, ch. 208, §§ 1–2, 5–13. The legislation prohibited not just cities and towns but also county governments from banning vacation or short-term rentals outright and restricting the "use of or regulat[ion]" of such rentals "based on their classification, use or occupancy." 2016 Ariz. Sess. Laws, ch. 208, §§

1, 2. "Zoning regulation is based upon the police power of the state" and therefore is a matter of statewide concern. *Levitz v. State*, 126 Ariz. 203, 204 (1980) (citations omitted). Thus, the regulation of vacation and short-term rental properties are an issue of statewide concern.

¶9        On the second prong, for a court to find the state legislation has completely occupied the field in a particular area, "[t]he existence of a preempting policy must be clear. Also, the assertedly competing provisions in question must be actually conflicting, rather than capable of peaceful coexistence. Mere commonality of some aspect of subject matter is insufficient . . . ." *Jett*, 180 Ariz. at 121 (alterations in original) (quoting *City of Prescott v. Town of Chino Valley*, 163 Ariz. 608, 616 (App. 1989), *vacated in part on other grounds*, 166 Ariz. 480, 486 (1990). Here again, the plain language places restrictions on cities from outright banning vacation and short-term rentals based on "their classification, use or occupancy" but allows a city to "adopt and enforce use and zoning ordinances . . . if the ordinance is applied in the same manner as other property classified under §§ 42-12003 and 42-12004." A.R.S. § 9-500.39(A), (B)(2). Thus, the statute does not completely occupy the field in such a way as to prevent the City from enacting or enforcing an ordinance that does not conflict with the provisions of the underlying statute.

¶10        To determine whether a conflict exists among the prohibitions in the statute, the exemptions, and the ordinance, a careful review of each must be considered. The statute defines a vacation or short-term rental as:

> [A]ny individually or collectively owned single-family or one-to-four-family house or dwelling unit or any unit or group of units in a condominium or cooperative that is also a transient public lodging establishment or owner-occupied residential home offered for transient use if the accommodations are not classified for property taxation under § 42-12001.

> [It] [d]oes not include a unit that is used for any nonresidential use, including retail, restaurant, banquet space, event center or another similar use.

A.R.S. § 9-500.39(L)(3). Notably, the only property excluded from this definition is property classified for taxation under A.R.S. § 42-12001, which consists of commercial property. *Id.* Phoenix's zoning ordinance defines a "boarding house" as

A residential home or building(s) for six or more unrelated individuals used to provide lodging for compensation. A boarding house is occupied by individuals where rent or a lodging fee is charged separately for the individual rooms or partitioned areas occupied by the renter or occupant. Individual living units may or may not be equipped with kitchen facilities; congregate dining facilities may be provided for the guests. A boarding house is not a community residence home or center, hotel, motel, residential inn, or bed and breakfast.

Phoenix Zoning Ordinance § 202. Both the statute and the ordinance apply to residential homes or buildings. But the statute is more specific, including "single-family or one-to-four-family house or dwelling unit." A.R.S. § 9-500.39(L)(3)(a). It specifies further that the definition includes condominiums or any "owner-occupied residential home offered for transient use" but only if they are not classified as a commercial use for tax purposes. *Id.* But the ordinance does not use such specificity. *See* Phoenix Zoning Ordinance § 202. Instead, it uses clarifying language that states "[a] boarding house is occupied by individuals where rent or a lodging fee is charged separately for the individual rooms or partitioned areas occupied by the renter or occupant." *Id.* Like the definition in statute, the boarding house definition excludes hotels, motels, and other commercial use accommodations. *Id.* We hold that overlap exists between the two definitions but must address the exemptions provided in the statute to determine if the ordinance is preempted.

¶11 The City contends its regulation of "boarding houses" is clearly compatible with the regulatory structure set forth in A.R.S. § 9-500.39. While the City concedes that its ability to directly regulate short-term rentals is limited, it argues that it may continue to enforce zoning ordinances intended to protect the public welfare and reduce potential nuisance. On this point, the City's reading of the statute is correct. The statute allows the City to adopt "use and zoning ordinances, *including* ordinances related to noise, protection of welfare, property maintenance and other nuisance issues." A.R.S. § 9-500.39(B)(2) (emphasis added).

¶12 Phoenix's residential zoning districts classify property and establish standards for use of the property. *See* Phoenix Zoning Ordinance § 608(A). The ordinance in question prohibits boarding houses in R1-10 zoning districts, which are classified for single-family detached homes and single-family and multi-family attached homes. *See* Phoenix Zoning Ordinance §§ 608(D), 611(B). But boarding houses are allowed in R-3, R-3A,

R-4, R-4A, and R-5 zoning districts, which are classified as multifamily residence districts, subject to a use permit and conditions outlined in each respective zoning district. *See* Phoenix Zoning Ordinance §§ 608(D), (E)(9), 615–19. Boarding house operators must apply for a use permit and show that the boarding house

> [w]ill not cause a significant increase in vehicular or pedestrian traffic in adjacent residential areas; or emit odor, dust, gas, noise, vibration, smoke, heat, or glare at a level exceeding that of ambient conditions; or contribute in a measurable way to the deterioration of the neighborhood or area, or contribute to the downgrading of property values.

Phoenix Zoning Ordinance § 307(A)(7)(a). Though the definitions of "'[v]acation rental' or 'short-term rental'" and "boarding house" do overlap, the City's ordinance related to boarding houses is a zoning ordinance that treats similarly classified property the same and does not prohibit vacation or short-term rentals in the City. Because the zoning ordinance falls within one of areas of permissible regulation, A.R.S. § 9-500.39 does not preempt it. *See City of Prescott*, 163 Ariz. at 616 (holding that where the competing laws are "capable of peaceful coexistence," there is no preemption).

¶13 Plaintiff contends the City cannot enforce the ordinance prohibiting boarding houses in R1-10 zoning districts because other zoning districts allow residential properties to operate as boarding houses. We disagree. The City can enforce zoning ordinances against short-term rental properties as long as it enforces ordinances in the same manner as to similarly classified properties. *See* A.R.S. § 9-500.39(B)(2). Plaintiff's position would allow property owners to avoid the zoning ordinances simply by registering one's property as a short-term rental. This is inconsistent with the language of A.R.S. § 9-500.39(B) that allows regulation of vacation and short-term rentals within certain parameters.

¶14 The zoning restriction on boarding houses applies to all residential properties in R1-10 zoning districts. Plaintiff failed to show the City has not applied this restriction similarly to other residential properties in R1-10 zoning districts. The City is not regulating Plaintiff's properties any differently than other boarding house properties in an R1-10 zoning district and is not treating them differently based on their short-term rental

status. The City properly enforced its zoning ordinance against Plaintiff's properties.[1]

## CONCLUSION

**¶15**        We affirm the order dismissing Plaintiff's declaratory judgment action and affirming the zoning violations.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV

---

[1]       Because we find the zoning enforcement was consistent with A.R.S. § 9-500.39(B)(2), we need not address subsection (B)(1) and whether the City waived that argument.