776 P.2d 1077

**STATE of Arizona, Appellee,**

v.

**Michael N. POLI, Appellant.**

**No. 1 CA–CR 88–654.**

Court of Appeals of Arizona, Division 1, Department B.

July 18, 1989.

Roderick G. McDougall, Phoenix City Atty. by L. Michael Hamblin, Asst. City Prosecutor, Phoenix, for appellee.

Michael N. Poli, Phoenix, in pro. per.

CONTRERAS, Presiding Judge.

Appellant was issued a civil traffic complaint for speeding in violation of A.R.S. § 28–701(A) on October 12, 1987. A civil traffic violation hearing was held in the City of Phoenix Municipal Court on December 16, 1987. The persons who attended this hearing were the arresting officer, the appellant and the civil traffic violation hearing officer. The court found in favor of the state and imposed a civil sanction of $55.00.

Appellant filed a timely notice of appeal to the Maricopa County Superior Court. A superior court commissioner reviewed the matter and determined there was sufficient evidence in the record to sustain the finding of the municipal court hearing officer. On May 25, 1988, a formal written order was entered affirming the decision of the City of Phoenix Municipal Court and remanding the matter for all further proceedings. Appellant filed a notice of appeal to

the Court of Appeals on June 3, 1988.[1] After reviewing the record and considering the applicable statutes and rules, we conclude that this court has no jurisdiction to consider the appeal. We therefore dismiss the appeal. Although we do not normally publish orders of dismissal we determined for the benefit of the bench, the bar, and the public, an opinion should be issued.

## FACTUAL BACKGROUND

On October 12, 1987, appellant was operating his automobile eastbound on Camelback Road near 20th Street. Phoenix Police Officer John Garza observed the appellant's vehicle and believed the speed limit was being exceeded. He followed the appellant's vehicle and clocked his speed at fifty-five to fifty-six miles per hour in an area where the posted speed limit was thirty-five miles per hour. Appellant was issued a civil traffic complaint. The hearing was conducted before a municipal court hearing officer. Those present at the hearing were the appellant, the police officer who issued the civil traffic complaint, and the municipal court hearing officer. No prosecutor was present. The hearing officer asked questions of both the appellant and the police officer. Appellant, who is a licensed attorney, cross-examined the police officer and then testified himself. Appellant testified he was going faster than thirty-five miles per hour, but did not reach fifty-five miles per hour. The court found the appellant responsible, entered judgment for the state, and imposed a civil sanction of $55.00. On appeal to the superior court and to this court, appellant argues that the combination of adjudicative and prosecutorial functions performed by the civil hearing officer violated his due process right to an impartial tribunal.[2] The superior court affirmed the decision of the City of Phoenix Municipal Court and remanded the matter for further proceedings.

## CIVIL TRAFFIC VIOLATIONS

The state legislature has decriminalized certain traffic violations. Since January 1, 1984, proceedings brought because of any violation of A.R.S. Title 28, Chs. 3, 4, 6, or Ch. 7 Art. 8, or Ch. 8 Art. 3.2 (A.R.S. §§ 28–301 et seq., 28–401 et seq., 28–601 et seq. or 28–1251 et seq. or 28–1362 et seq.) are classified as civil traffic violations unless the statute defining the violation provides for a different classification. A.R.S. § 28–181(B). Subsection 28–1071(A) makes it clear that the included violations are treated as civil matters.

Police courts (also referred to as municipal courts) and justice courts have concurrent jurisdiction over civil traffic violations committed within their respective boundaries. A.R.S. § 28–1055. A person served with a civil traffic complaint is required to appear and "admit or deny the allegations of the complaint." A.R.S. § 28–1076(A). If the allegations are denied, the matter is set for an informal hearing without a jury, and the state is required to prove the violation charged by a preponderance of the evidence. A.R.S. § 28–1076(C). The hearing is conducted by a judge or a duly appointed hearing officer, and such judgment constitutes the judgment of the court. If the court finds in favor of the state, it enters judgment for the state and imposes a "civil sanction" not to exceed $250. A.R.S. § 28–1076(C) and (E). The judgment of the municipal court is appealable

1. Section 28–1071(A), A.R.S., makes it clear that the included violations are to be treated as civil matters. *See also* Arizona Rules of Procedure in Civil Traffic Violation Cases, 17B A.R.S. We note that, although this matter came before us as a criminal appeal, it more appropriately should have been designated as a civil appeal.

2. The issue on appeal, as phrased by appellant, before the superior court and this court is:
   Can a single governmental officer fill the role of both judge and prosecutor, and still comply with the mandates of due process, as set forth by the United States Supreme Court and other tribunals?
   Although we do not reach the issue presented, we note that in *Martin v. Superior Court*, 135 Ariz. 258, 660 P.2d 859 (1983), our Supreme Court determined that an administrative hearing officer exercising prosecutorial and adjudicative functions in an implied consent hearing did not violate due process or equal protection.

to the superior court pursuant to Title 22, Chapter 2, Article 4. A.R.S. § 28–1055(B).

The Arizona Supreme Court promulgated the Rules of Procedure in Civil Traffic Violation Cases, 17B A.R.S. (Civil Traffic Rules). These rules, which became effective January 1, 1984, are comprehensive and extend from the issuance of the complaint to the disposition on appeal. The rules distinguish civil traffic cases from criminal traffic cases. Rule 15 provides that civil traffic cases may be consolidated with criminal traffic cases on the motion of any party or on the court's own motion. When civil and criminal traffic cases are consolidated, the rules governing the criminal case apply except that the civil case is tried to the court, and the standard of proof in the civil case is by a preponderance of the evidence. Rule 15. Rule 35 directs that when an appeal is taken in both civil traffic and criminal traffic cases consolidated for trial, "the rules governing criminal appeals shall apply."

Rule 40 permits the superior court to affirm the action of the lower court, affirm in part and reverse in part, or reverse the action of the lower court. There is no explicit further right of appellate review. Neither the statutes nor the Rules of Procedure in Civil Traffic Violations Cases provide for any further appeal as a matter of right. In addition, the civil traffic violation statutes and procedural rules make no cross-reference to the applicability of any other statutes or rules which allow for further appeal. *See, e.g.,* Rule 20(b), Superior Court Rules of Appellate Procedure— Civil, Rules 12 and 13(b), Superior Court Rules of Appellate Procedure—Criminal, and A.R.S. § 22–375, which provide for limited further appellate review. A.R.S. § 12–120.21(A)(1) gives this court appellate jurisdiction over cases originating in or permitted by law to be appealed from the superior court. A case involving a civil traffic violation fits neither category.

**3.** Commencing September 15, 1989, the Court of Appeals, by statutory amendment, will have jurisdiction in criminal actions involving crimes where life imprisonment has been imposed.

## JURISDICTION

This court has the duty to *sua sponte* raise the question of its subject matter jurisdiction. We have raised the question in the present case and conclude that this court lacks jurisdiction to review a civil traffic violation adjudication. *See Todd v. Todd,* 137 Ariz. 404, 670 P.2d 1228 (App. 1983); *Baca v. Don,* 130 Ariz 222, 635 P.2d 510 (App.1981); *Crouch v. Justice of the Peace Court,* 7 Ariz.App. 460, 440 P.2d 1000 (1968); *see also Berry v. Superior Court,* Ariz., 29 Ariz.Adv.Rep. 25 (Ct.App. March 7, 1989). We therefore dismiss this appeal.

The court of appeals has limited subject matter jurisdiction, which extends only to actions "originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes for which a sentence of death or life imprisonment has actually been imposed." [3] A.R.S. § 12–120.21(A)(1); *see also* A.R.S. § 12–2101(B) and *Campbell v. Arnold,* 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979) (Struckmeyer, J., dissenting). The appeal in this present case does not fall within any of the foregoing categories.

Pursuant to Arizona law, appellant is entitled to a hearing in municipal or justice court, A.R.S. § 28–1076(C). He is further entitled to an appeal to the superior court, A.R.S. §§ 28–1078 and 22–261 and Rule 29, Arizona Rules of Procedure in Civil Traffic Violation Cases. No statute or rule provides for any further appeal as a matter of right, nor does any provision make cross-reference to any other applicable statute or rule which does allow for further appeal. *See, e.g.,* Rule 20(b), Arizona Superior Court Rules of Appellate Procedure–Civil. Moreover, this action did not originate in superior court, but rather was an appeal to superior court from municipal court pursuant to A.R.S. § 28–1078.

Where there is no statute or procedural rule providing for an appeal, this court has

See A.R.S. §§ 12–120.21 and 13–4031, as amended by Laws 1989, Ch. 58 (effective Sept. 15, 1989).

no jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

KLEINSCHMIDT and VOSS, JJ., concur.