823 P.2d 1300

**STATE of Arizona, Respondent,**

v.

**David A. AGUILAR, Petitioner.**

**No. 1 CA–CR 90–944–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

June 25, 1991.

Reconsideration Granted Aug. 19, 1991.

Review Denied Feb. 19, 1992.

---

Roderick G. McDougall, Phoenix City Atty. by L. Michael Hamblin, Asst. City Prosecutor, Phoenix, for respondent.

Dana Carpenter, Phoenix, for petitioner.

## OPINION

VOSS, Presiding Judge.

Petitioner was found guilty by a jury in city court of driving under the influence, driving with a blood alcohol content greater than .10% and failure to stop. He was also found to have had a previous DUI conviction and was found civilly responsible for failure to drive in one lane. He filed a notice of appeal to superior court, but the appeal was dismissed because petitioner's former counsel failed to file an opening brief. The superior court also denied his motion to reinstate his appeal.

Petitioner then filed a Rule 32, Arizona Rules of Criminal Procedure,[1] petition for post-conviction relief in Phoenix City Court. The trial judge denied the petition and petitioner's subsequently filed motion for rehearing. Petitioner filed a petition for review in superior court, which the superior court also denied.

Petitioner next filed a petition for review to this court pursuant to Rules 32.9(f), 31.18 and 31.19. The state filed a response to the petition pursuant to Rules 32.9(f) and 31.19.

1. The reference to Rules throughout this Opinion is to the Arizona Rules of Criminal Procedure.

■ Petitioner and respondent both claim that this court has jurisdiction pursuant to Rule 32.9(f). This court, however, has the duty *sua sponte* to raise the question of its subject matter jurisdiction and we do so here. *State v. Poli*, 161 Ariz. 151, 776 P.2d 1077 (App.1989). We hold that we do not have subject matter jurisdiction for two reasons. First, a Rule 31.19 petition for review, referred to in Rule 32.9(f), only applies to petitions for review from a decision of this court to the Arizona Supreme Court. Second, this court cannot enlarge its jurisdiction by granting or denying review in a Rule 32 petition for post-conviction relief that originated in city court and that sets forth issues over which we would not have had jurisdiction in a direct appeal.[2]

### Discussion

■ Initially we note that Rule 32 relief is not limited to criminal convictions that originate in superior court, but is available for criminal convictions that originate in municipal court. The rule provides that any person who has been convicted of or sentenced for a criminal offense may institute proceedings to secure appropriate relief. Rule 32.1; *see also* A.R.S. § 13-4231. It also provides for notice to a prosecuting attorney, when the conviction occurs in a court other than superior court: "If the conviction occurred in a court other than the superior court, the copy shall be sent to the office of the prosecuting attorney who represented the state at trial." Rule 32.4(a); *but see* A.R.S. § 13-4234(A), which does not include the above language. Relief is available by Rule 32 without regard to whether the conviction was for a felony or a misdemeanor offense, as the rule provides relief to any person who has been convicted of a criminal offense.

Once the court where the Rule 32 petition has been initiated has ruled, Rules 32.9(c) and 32.9(f) provide for further review. Rule 32.9(c) governs petitions for review from a trial court to an appellate court, in this instance from city court to superior court. *See also* A.R.S. § 13-

4239(C). Rule 32.9(f), the rule at issue, which governs review of an appellate court decision in a petition for post-conviction relief, provides:

(f) **Reconsideration and Review of Appellate Court Decision.** The provisions governing the filing of motions for reconsideration and petitions for review in criminal appeals set forth in Rules 31.18 and 31.19 shall apply to and govern motions for reconsideration and petitions for review of an appellate court decision entered pursuant to Rule 32.

Rule 32.9(f) refers to Rules 31.18 and 31.19. Rule 31.19 addresses petitions for review, which is the pleading here, and it provides in pertinent part:

[A]ny party may file with the clerk of the *Court of Appeals a petition for review by the Supreme Court.*

. . . . .

1. A synopsis of the decision of the Court of Appeals. A copy of the decision shall be attached to the petition.
2. The issues which were decided by the Court of Appeals and which the petitioner wishes to present to the Supreme Court for review.

(Emphasis added.)

■ Thus, a Rule 31.19 petition for review is the pleading the parties file to engage supreme court review of a court of appeals decision. The rule specifically only encompasses review by the supreme court from a court of appeals decision; it does not cover review of a lower court decision by the court of appeals. Therefore, we find from the express language of the rule that petitioner's attempt to engage this court's jurisdiction via Rules 32.9(f) and 31.19 was improper.

■ Additionally, other than an appeal pursuant to A.R.S. § 22-375, there is nothing in either the Rules of Criminal Procedure or the Superior Court Rules of Appellate Procedure-Criminal which authorizes the court of appeals to review a final judgment of the superior court. To permit petitioner to file a petition for review in this

---

**2.** A.R.S. § 22-375 specifically limits appeals from city court to this court to those involving

the validity of a tax, impost, assessment, toll, municipal fine or statute.

court from a case that originated in city court would impermissibly enlarge our Rule 32 jurisdiction. It is clear that in a direct appeal from city court to superior court to this court, petitioner could not have presented to this court the issues he raises today. Section 22–375 provides:

A. An appeal may be taken by the defendant, this state, or any of its political subdivisions from a final judgment of the superior court in an action appealed from a justice of the peace court or police court, if the action involves a validity of a tax, impost, assessment, toll, municipal fine or statute.

B. Except as provided in this section there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or police court.

Rule 13(b), Superior Court Rules of Appellate Procedure–Criminal, also limits appeals from city court: "No further appeal may be taken from a final decision or order under these rules, except as provided by A.R.S. § 22–375, pursuant to Rule 31, Rules of Criminal Procedure." Section 22–375 clearly limits this court's jurisdiction in direct appeals originating in city court. Because none of the issues raised here falls within the jurisdiction allowed by section 22–375, it would be inappropriate to allow petitioner to raise issues by Rule 32, pursuant to Rule 32.9(f), when he could not raise those issues by appeal. *State v. Baronick,* 27 Ariz.App. 184, 552 P.2d 773 (1976).

Furthermore, Rule 32 was not meant to replace a direct appeal. In discussing the differences between direct appeal under Rule 31 and post-conviction relief under Rule 32, the Arizona Supreme Court has noted that appeal is the post-conviction proceeding of primary importance.

In summation, appeal is designed to give prompt, full appellate review to those who have grounds to believe they have not had a fair trial. Important policy considerations require that all claims be raised in the appeal. Rule 32 'is designed to accommodate the unusual situation where justice ran its course and yet went awry.' Rule 32 is the safeguard in addition to the many others that are part of our system but it may not be abused. (Citation omitted.) *State v. Carriger,* 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985). In *Carriger* the court pointed out that the right to appeal is guaranteed by our constitution, Ariz. Const. art. 2, § 24, but the Rule 32 procedure is not. The court went on: "The right to appeal is of such importance that after sentencing, the judge must inform the defendant of his right to appeal...." *Id.* at 145, 692 P.2d at 994. There is no comparable requirement under Rule 32. Thus, it is incongruous to allow petitioner to petition for review in this court when he would be unable to obtain review under a direct appeal. This court has no jurisdiction to consider any issue under Rule 32 that falls outside section 22–375.

■ Despite the outcome necessitated by the Rule 32.9(f) and section 22–375, petitioner is not necessarily left without a remedy. When section 22–375 prevents an appellant from raising an issue, the appropriate remedy, if any, is a petition for special action. *See State v. McNeill,* 146 Ariz. 568, 707 P.2d 972 (App.1985) (issue on appeal fell outside the jurisdictional requirements of A.R.S. § 22–375; appellant's remedy, if any, would be by way of special action). Similarly, when Rule 32 provides a petitioner with no avenue for relief, a petition for special action may also be appropriate. *Cf. State v. Davis,* 148 Ariz. 62, 712 P.2d 975 (App.1985). Recently, this court's jurisdiction to hear petitions for special action has been expanded to include petitions for special action without regard to this court's appellate jurisdiction. A.R.S. § 12–120.21.

Petitioner, with a petition for special action, receives the same level of review as if he had originated his petition for post-conviction relief in superior court. He receives one mandatory review, the city court where the post-conviction proceeding originated, and he receives two levels of discretionary review, the superior court and then this court via special action. If we held as the parties' request, there would be four tiers of review—the city court, the superior

court, the court of appeals and the supreme court.

Treating petitioner's petition for review under Rule 32.9(f) as a petition for special action under A.R.S. § 12–120.21(A)(4), this court, in the exercise of its discretion, denies review.

FIDEL and EHRLICH, JJ., concur.