947 P.2d 872

**Patrick J. HENNESSEY, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable John R. Sticht, a judge thereof, Respondent Judge,**

**STATE of Arizona, By and Through the PHOENIX CITY PROSECUTOR'S OFFICE, Real Party in Interest.**

No. 1 CA–SA 96–0362.

Court of Appeals of Arizona, Division 1, Department A.

June 12, 1997.

Review Denied Dec. 16, 1997.

Michael J. Dew, Phoenix, for Petitioner.

Roderick G. McDougall, Phoenix City Attorney by Gregory L. Hanchett, Assistant City Prosecutor, Phoenix, for Real Party in Interest.

## OPINION

GRANT, Judge.

Petitioner, Patrick J. Hennessey ("Defendant"), filed a petition for special action alleging the Superior Court, acting in its appellate capacity, violated Rule 8.2(a) of the Arizona Rules of Criminal Procedure by failing to reverse the municipal court's denial of his Motion to Dismiss. Respondent, the State of Arizona (the "state"), disagrees with Defendant's conclusions in his petition but also requests that this court accept jurisdiction of this special action. By previous order we accepted jurisdiction with an opinion to follow. This is that opinion.

## SPECIAL ACTION JURISDICTION

This court does not generally accept special action review of a denial of a motion to dismiss. *Maricopa County v. Superior Court,* 170 Ariz. 248, 250–51, 823 P.2d 696, 698–99 (App.1991). Because this case originated in city court, our jurisdictional analysis must begin with Arizona Revised Statutes Annotated ("A.R.S.") section 22–375 (1988). That section limits the scope of our direct appellate jurisdiction over superior court judgments in actions originating in inferior courts to claims that challenge the validity of a statute or a tax. *See, e.g., State v. Aguilar,* 170 Ariz. 292, 294, 823 P.2d 1300, 1302 (App. 1991). This court cannot enlarge its jurisdiction by granting or denying review in a Rule 32 Petition for Post–Conviction Relief that originated in city court and that sets forth issues over which we would not have direct appellate jurisdiction. However, under *Aguilar,* special action review is appropriate "[w]hen section 22–375 prevents an appellant

from raising an issue...." *Id.* at 295, 823 P.2d at 1303. Further, A.R.S. section 12–120.21(A)(4) (1974) allows us to "hear and determine petitions for special actions brought pursuant to the rules of procedure for special actions, without regard to [our] appellate jurisdiction." This framework, along with the statewide importance and likelihood of recurrence of the matter, *see State ex rel. Bowers v. Superior Court,* 173 Ariz. 34, 38, 839 P.2d 454, 458 (App.1992), justifies our acceptance of special action jurisdiction. By accepting special action jurisdiction, we may guide the trial courts in ruling on similar cases in the future.

## FACTS AND PROCEDURAL HISTORY

Defendant was originally arrested on February 10, 1994, for Driving under the Influence of Intoxicating Liquor ("DUI"). Defendant, who was driving with a suspended license due to a prior DUI conviction, was booked into the Maricopa County Jail for felony DUI. The felony charge was "scratched" in the justice court because the County Attorney's Office failed to file a felony criminal complaint.

The City of Phoenix Prosecutor's Office ("the city") subsequently filed the matter as a Class One Misdemeanor on April 13, 1994, and a summons was issued on April 18, 1994. Rather than sending a copy of the complaint and summons to Defendant's Fourteenth Avenue address, the city sent the summons to an address at Fourteenth Street. Defendant's correct address, however, was listed as Fourteenth Avenue on the Alcohol Influence Report, the Booking Slip, the Implied Consent Form and the Supplemental Police Report.

When Defendant failed to appear at his arraignment on May 11, 1994, a bench warrant was issued for his arrest. Defendant had no knowledge of the misdemeanor charge until eighteen months later, in October 1995, when he attempted to have his driver's license reinstated by the Department of Motor Vehicles. After being notified of the misdemeanor complaint, Defendant voluntarily appeared for arraignment on the DUI charges in Phoenix Municipal Court on

November 6, 1995, at which time the warrant was quashed. At that time, Defendant still had not been formally served with the summons or the complaint.

On February 13, 1996, a jury trial commenced in Phoenix Municipal Court. At a hearing on Defendant's motion to dismiss, Defendant argued that the 150–day time limit imposed by Rule 8.2(a) of the Arizona Rules of Criminal Procedure had been violated, as had his Sixth Amendment right to a speedy trial. The city opposed the motion, though it admitted sending the summons to the wrong address. The city argued that the 150–day limit did not commence until November 6, 1995, the date of arraignment, therefore no violation of Rule 8.2(a) or Defendant's right to a speedy trial had occurred.

In denying Defendant's motion, the municipal court found that while the city had not used "due diligence" in attempting to serve Defendant, no Rule 8 violation had occurred because the 150–day time limit did not begin to run until November 6, 1995, the date of arraignment. The municipal court further found that Defendant had suffered "no actual prejudice" from the delay. A jury then convicted Defendant of DUI in violation of A.R.S. section 28–692(A)(1) (1990). Defendant admitted a prior conviction and was sentenced to the mandatory minimum under A.R.S. section 28–692.01(E) (1992).

Defendant appealed his conviction and sentence to the Maricopa County Superior Court. Defendant argued below that Rule 8.2(a) was violated by the city's failure to exercise *due diligence in serving* him. The city responded by again asserting that Rule 8 "by its very terms" did not begin to run until the November 6, 1995 date of arraignment and quashing of the warrant.

The superior court ruled that Rule 8.2(a) was "triggered" by the date of arraignment, therefore it was not necessary to determine whether the city's "inability to serve or arrest the defendant would be excluded time under Rule 8.4(a)," given the demise of *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986) (overruled by *State v. Mendoza*, 170 Ariz. 184, 192, 823 P.2d 51, 59 (1992)). The superior court then affirmed Defendant's

conviction and sentence. Defendant filed this special action challenging the superior court's ruling below.

## ISSUE

Did the superior court err as a matter of law by affirming on appeal the municipal court's ruling that Rule 8 was not violated?

## DISCUSSION

### 1. Controlling Precedent

A defendant has a procedural right to a speedy trial under Rule 8 of the Arizona Rules of Criminal Procedure. In *Hinson v. Coulter*, the Arizona Supreme Court modified the application of Rule 8.2(a) in DUI cases, holding a DUI defendant must be tried within 150 days of the original arrest, regardless of whether the DUI charge was "scratched" or "dismissed" by the state after the defendant's arrest and release. 150 Ariz. at 311, 723 P.2d at 660. The court further held that the appropriate remedy for a violation of this strict application was a dismissal of the DUI charge *with prejudice. Id.*

In *State v. Mendoza*, however, the supreme court overruled *Hinson*, holding *Hinson* "should not prohibit 'scratch and refiles'" because the state "often needs time to obtain and investigate records of prior convictions before deciding how to charge a DUI offender." 170 Ariz. at 191, 823 P.2d at 58. The court stated, "[L]itigation of *Hinson* issues delays the prosecution of drunk drivers, and the *Hinson* rule too often allows drunk drivers to escape conviction despite the fact that they have not suffered prejudice by delay." *Id.* at 189, 823 P.2d at 56.

### 2. Application of Rule 8.2

■ Pursuant to the court's holding in *Mendoza*, Rule 8.2(a) is triggered, not merely by a defendant's arrest, but also by the circumstances laid out in the text of the rule. Thus, the superior court correctly held' that Rule 8.2(a) becomes effective when a charging document is filed and subsequent service of summons or an arrest is made. *See State v. Lemming*, 188 Ariz. 459, 460, 937 P.2d 381, 382 (App.1997).

Rule 8.2(a) of the Arizona Rules of Criminal Procedure provides:

a. **All Defendants.** Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the arrest or service of summons under Rule 3.1 except for those excluded periods set forth in Rule 8.4 below.

 Here, Defendant had notice when the Department of Motor Vehicles notified him there were outstanding charges against him. In response to this notice, Defendant voluntarily presented himself before the city court at an arraignment held November 6, 1995, and the bench warrant for his arrest was quashed. For the purposes of Rule 8.2(a), therefore, the 150–day time limit did not begin to run until the November arraignment date. Thus, the courts below correctly decided this issue of law.

### 3. Defendant's Right to a Speedy Trial

In municipal court, Defendant raised a Sixth Amendment constitutional claim that his right to a speedy trial was violated. In his Memorandum on Appeal to the Superior Court, however, Defendant merely asserted a general claim that a violation of "the Speedy Trial Rule" had occurred; he then proceeded to concentrate on an analysis of the 150–day time requirement of Rule 8.2(a). Now, in his petition for special action, Defendant again appears to be arguing that his Sixth Amendment right to a speedy trial was violated.

By failing to have specifically raised this Sixth Amendment claim in superior court, Defendant has waived this claim for purposes of special action review.

### CONCLUSION

For the reasons stated above, we find no violation of Defendant's rights pursuant to Rule 8.2(a) because the 150 days began to run when Defendant presented himself to the city court. Therefore, we affirm the superior court's ruling and vacate the stay previously granted.

TOCI and RYAN, JJ., concur.