NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MELINDA STARR BRYAN,
*Petitioner*,

*v.*

THE HONORABLE CELE HANCOCK, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of YAVAPAI,
*Respondent Judge*,

STATE OF ARIZONA,
*Real Party in Interest.*

No. 1 CA-SA 16-0141
FILED 8-23-2016

---

Petition for Special Action from the Superior Court in Yavapai County
No. V1300CR201580124
The Honorable Cele Hancock, Judge

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

---

COUNSEL

Griffen & Stevens Law Firm, PLLC, Flagstaff
By Bruce S. Griffen
*Counsel for Petitioner*

Sedona City Attorney's Office, Sedona
By Lisa Weiler-Parsons, Robert L. Pickels, Jr.
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1      The Yavapai County Superior Court dismissed Melinda Starr Bryan's appeal from the Sedona Municipal Court's conviction for driving under the influence (DUI). Bryan seeks special action relief and requests that we reinstate the appeal. For the following reasons, we accept jurisdiction and grant relief.

### FACTS AND PROCEDURAL HISTORY

¶2      Bryan was cited for DUI and tried in abstenia in the municipal court in June 2008. After Bryan was arrested on a bench warrant, the municipal court sentenced her in May 2011 and she timely appealed. However, in June 2011, the municipal court dismissed Bryan's appeal, sua sponte, for failure to pay the costs of the record or transcript preparation fees in accordance with Rule 7.a of the Superior Court Rules of Appellate Procedure−Criminal (SCRAP). Bryan filed a Motion for Delayed Appeal in the municipal court pursuant to Rule 32.1.f of the Arizona Rules of Criminal Procedure (ARCP) in September 2012. The municipal court denied Bryan's motion. Then, in November 2012, Bryan filed a motion in municipal court to reinstate her appeal pursuant to ARCP 31.15.b. The municipal court also denied that motion.

¶3      In April 2013, Bryan filed an ARCP 32 Petition for Post-Conviction Relief, alleging ineffective assistance of counsel, because her appellate counsel had failed to preserve her constitutional right to appeal. The municipal court concluded that its prior sua sponte dismissal of Bryan's May 2011 appeal, absent any procedural motion from the State challenging Bryan's delay in preparation of the recordings or transcripts of the case, exceeded its authority. The municipal court reinstated Bryan's appeal. The State did not appeal the reinstatement.

¶4      After the appeal was briefed, the superior court, sua sponte, requested oral argument "on the issue of whether or not Ms. Bryan's lower court appeal should go forward or not."

¶5        Following oral argument, the superior court opined that "[p]ursuant to [SCRAP] Rule 8C, once a Notice of Appeal is filed all procedural motions must be decided by the Superior Court and not the lower court from where it came," and dismissed all orders following Bryan's sentencing, including reinstatement of her appeal. [1] The superior court then found Bryan's appeal untimely.   Bryan filed a Motion for Reconsideration which the superior court denied.   This special action followed.

## SPECIAL ACTION JURISDICTION

¶6        Special action jurisdiction is appropriate because Bryan does not have an adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a), *State v. Aguilar*, 170 Ariz. 292, 295-96 (App. 1991) (finding that when a defendant is precluded from raising issues in a direct appeal, special action is the appropriate avenue for requesting relief).   Therefore, we accept jurisdiction.

## DISCUSSION

¶7        Bryan argues the superior court had no authority to dismiss her appeal.   We agree.

¶8        The SCRAP "govern appeals in a criminal action taken to the Superior Court . . . ."   SCRAP 1.a.   SCRAP 4 requires a defendant to file a notice of appeal "within 14 calendar days after the entry of the order, ruling, judgment, or sentence appealed from" or "14 calendar days after entry of an order granting a delayed appeal."   SCRAP 4.a.   The parties agree the municipal court sentenced Bryan on May 13, 2011, and that she filed a timely notice of appeal.   Bryan was required to file her appellate memorandum within sixty calendar days from the deadline to file the notice of appeal.   SCRAP 8.a.(2).   However, before Bryan could file the appellate memorandum and perfect the appeal, the municipal court dismissed the appeal.   SCRAP 9 states an appeal is perfected by filing a notice of appeal and appellate memorandum.   SCRAP 9.a.   In this case, however, the municipal court dismissed Bryan's appeal before the deadline for filing the appellate memorandum.   Once the appeal was dismissed,

---

[1]      The State contends that Bryan stipulated to vacate all orders after May 20, 2011, during an unrecorded conversation in-chambers with the superior court.  However, the September 24, 2015, minute entry does not support that contention.

there was no reason to file an appellate memorandum and the dismissal became a final judgment.

¶9            After the appeal was dismissed, Bryan properly filed her ARCP 32 petition with the municipal court alleging her appellate counsel had failed to preserve her right to appeal and her May 2011 appeal was dismissed through no fault of her own. Pursuant to ARCP 32.1.f, a defendant convicted of or sentenced for a criminal offense may initiate a petition for relief for failure to timely file a notice of appeal or notice of post-conviction relief if the defendant was not at fault. ARCP 32.1.f. "Rule 32 relief is not limited to criminal convictions that originate in superior court, but is available for criminal convictions that originate in municipal court." *Aguilar*, 170 Ariz. at 294. Proceedings initiated pursuant to ARCP 32 are "part of the original criminal action and not a separate action." ARCP 32.3. "A proceeding is commenced by timely filing a notice of post-conviction relief *with the court in which the conviction occurred*." ARCP 32.4.a (emphasis added).

¶10           The municipal court found that its dismissal of Bryan's appeal for failure to comply with SCRAP 7.a prevented her from perfecting her appeal. Therefore, the municipal court granted Bryan ARCP 32 relief, and reinstated her appeal. By implication, the municipal court found Bryan's failure to file a timely notice of post-conviction relief was not her fault. The State did not appeal the municipal court's order granting the ARCP 32 relief, nor did it file a motion to dismiss the appeal, *after* the ARCP 32 was granted.

¶11           After the matter was briefed, the superior court vacated all of the municipal court rulings filed after the notice of appeal was filed, because it believed the municipal court did not have the jurisdiction to hear those motions. The superior court was correct that under SCRAP 8.c.(1), a superior court shall rule on procedural motions presented to the municipal court.[2] *Id*. However, because the appeal was never perfected and instead dismissed, the dismissal became final and the municipal court could and did properly consider Bryan's petition for post-conviction relief under ARCP 32.

---

[2]       "Procedural motions are motions that may determine whether the appeal should go forward. Procedural motions include motions to dismiss where there is no right to appeal, appeals from guilty pleas, appeals that are not timely filed, and motions to dismiss or motions to strike." SCRAP 8.c.(1).

¶12 The superior court relied on SCRAP Rule 8.c.(1) as authority to dismiss Bryan's appeal. However, the State did not appeal the municipal court's order reinstating the appeal and there were no procedural motions to dismiss the appeal pending when the superior court dismissed Bryan's appeal. With no appeal by the State and no motion to dismiss filed *after* the ARCP 32 relief was granted, the superior court had no authority to dismiss the appeal.

**CONCLUSION**

¶13 For the foregoing reasons, we accept jurisdiction, grant relief and remand to the superior court for further proceedings consistent with this decision.



Amy M. Wood • Clerk of the court
FILED: AA