NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DENISE ANDREE BOWSER, *Appellant.*

No. 1 CA-CR 15-0601
FILED 12-27-2016

Appeal from the Superior Court in Maricopa County
No.  LC2015-000216-001
The Honorable Crane McClennen, Judge, *Retired*

**APPEAL DISMISSED**

COUNSEL

Mesa City Prosecutor's Office, Mesa
By W. Craig Jones
*Counsel for Appellee*

Cameron A. Morgan, Attorney at Law, Scottsdale
By Cameron A. Morgan
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Paul J. McMurdie joined.

_____

**J O H N S E N**, Judge:

**¶1**          Denise Andree Bowser appeals from the superior court's order affirming the municipal court's denial of her motion to suppress the results of a blood-alcohol test.  For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          In December 2013, Bowser was arrested and charged with driving under the influence pursuant to Arizona Revised Statutes ("A.R.S.") section 28-1381(A)(1), (2) (2016).[1]  The arresting officer read to Bowser an admonition based on A.R.S. § 28-1321 (2016).  The officer then asked Bowser if she would consent to a blood test, and she did.

**¶3**          After a hearing, the Mesa Municipal Court denied Bowser's motion to suppress the results of the blood test, finding her consent to the blood draw was voluntary.  The matter proceeded to trial, and a jury found Bowser guilty on the charge at issue in this appeal.  The court sentenced her to ten days in jail, but suspended nine of the days.  On appeal to the superior court, Bowser argued the municipal court abused its discretion by denying the motion to suppress.  The superior court affirmed the municipal court's judgment and sentence.  Bowser filed a timely appeal from the superior court's order.

### DISCUSSION

**¶4**          This court has no jurisdiction over an appeal from a judgment of the superior court affirming a conviction entered by a municipal court unless the action "involves the validity of a tax, impost, assessment, toll, municipal fine or statute."  A.R.S. § 22-375(A) (2016).  In the municipal court and before the superior court, Bowser challenged the constitutionality of the implied-consent statute, A.R.S. § 28-1321.  After the superior court

_____

[1]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

ruled, however, our supreme court issued *State v. Valenzuela*, 239 Ariz. 299 (2016), a case examining the constitutionality of consent granted after law enforcement admonishes a suspect pursuant to the statute.

**¶5**        *Valenzuela* stands for the proposition that consent given *only* in acquiescence to an assertion of lawful authority to search, such as the admonition given in this case based on A.R.S. § 28-1321, is not freely and voluntarily given. *Valenzuela*, 239 Ariz. at 304-06, ¶¶ 17-21. Although the court concluded that such an admonition may implicate voluntariness issues, the court did not hold § 28-1321 unconstitutional. *Id.* at 308, ¶¶ 28-30. Accordingly, on appeal, although Bowser cites *Valenzuela* in challenging the constitutionality of her consent, she no longer argues A.R.S. § 28-1321 is unconstitutional.

**¶6**        Because Bowser no longer challenges the validity of § 28-1321, we lack jurisdiction over her appeal pursuant to A.R.S. § 22-375(A). Bowser does not suggest that we should accept review of her conviction as a special action. Assuming we could exercise our discretion to accept jurisdiction of this matter as a special action, we decline to do so because Bowser does not lack an adequate remedy at law. Ariz. R.P. Spec. Act. 1(a) (special action jurisdiction is appropriate where petitioner has no equally plain, speedy, and adequate remedy by appeal); *see State v. Aguilar*, 170 Ariz. 292, 294 (App. 1991) (relief pursuant to Arizona Rule of Criminal Procedure 32 is available for criminal convictions that originate in municipal court).

**¶7**        In *Valenzuela*, our supreme court plainly changed the law concerning the use of the admin per se form to coerce consent to a blood draw. *See Valenzuela*, 239 Ariz. at 308, ¶¶ 28-29. For that reason, Bowser may seek relief under Arizona Rule of Criminal Procedure 32. *See* Ariz. R. Crim. P. 32.1(g) (a person convicted of a criminal offense may seek relief if "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence").

**CONCLUSION**

¶8        For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED:  AA